NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1791
_____

MARK CARRIER; RUTH CARRIER,
                                        Appellants

v.

BANK OF AMERICA NA, F/K/A and as Successor to
Countrywide Home Loan Services, L.P.;
COUNTRYWIDE FINANCIAL CORPORATION; JOHN DOES (1-10);
JANE DOES (1-10); ABC CORP. (1-10); XYX, INC. (1-10);
RONALD P. STALLER, d/b/a Brigantine Mortgage


_____

No. 14-1792
_____

MARY E. DEBONIS,
                                        Appellant

v.

BANK OF AMERICA NA, F/K/A and as Successor to Countrywide
Home Loan Services, L.P. and Countrywide Financial Corporation;
FIRST PLATINUM CAPITAL CORPORATION; JOHN DOE (1-10);
JANE DOE (1-10); ABC CORP. (1-10); XYZ, INC. (1-10)


_____

No. 14-1793
_____

ARMANDO GARCIA,
                                  Appellant

v.

BANK OF AMERICA NA, as Successor to
F/K/A Countrywide Home Loan Services, L.P.;
COUNTRYWIDE FINANCIAL CORPORATION;
COUNTRYWIDE HOME LOANS, INC.; JOHN DOE (1-10);
JANE DOE (1-10); ABC CORP. (1-10); XYZ, INC. (1-10)

_____

No. 14-1794
_____

KRZYSZTOF KOWALCZYK; DOROTA ROGULSKA, H/W,
                                  Appellants

v.

BANK OF AMERICA NA, F/K/A and as Successor to Countrywide
Home Loan Services, L.P. and Countrywide Financial Corporation;
AMERICAN MORTGAGE, INC.; JOHN DOE (1-10);
JANE DOE (1-10); ABC CORP. (1-10); XYZ, INC. (1-10)

On Appeal from the United States District Court
for the District of New Jersey
District Court Nos. 1-12-cv-00104; 1-12-cv-07945; 1-12-cv-07946; 1-12-cv-07947
District Judge: The Honorable Renee M. Bumb

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 21, 2015

Before: RENDELL, SMITH, and KRAUSE, *Circuit Judges*

(Filed: February 3, 2015)

_____

OPINION[*]

_____

SMITH, *Circuit Judge.*

In these nominally separate cases stemming from "substantially identical" Complaints, Plaintiffs have sued named Defendants Bank of America and its predecessor Countrywide for providing Plaintiffs with "doomed and toxic" mortgages. Plaintiffs seek to maintain causes of action for fraud (specifically common law fraud, fraudulent inducement and violations of the New Jersey Consumer Fraud Act), breach of the duty of good faith and fair dealing, negligent misrepresentation, civil conspiracy and violations of both the New Jersey and federal Racketeer Influenced and Corrupt Organization (RICO) statutes. On January 31, 2014, the District Court granted Defendants' motions to dismiss with respect to all causes of action. *Carrier v. Bank of Am., N.A.*, No. 12-104, 2014 WL 356219 (D.N.J. Jan. 31, 2014). We will affirm.

Plaintiffs ostensibly challenge each dismissal, but by repeatedly declining to contest critical aspects of the District Court's reasoning, Plaintiffs have functionally conceded the entire case. These *de facto* concessions include that: (i) the RICO causes of action were untimely, as Plaintiffs have not challenged the

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

District Court's determination as to when they reasonably should have known of their injuries; and (ii) Plaintiffs failed to state a cause of action under the New Jersey Consumer Fraud Act, as Plaintiffs have not challenged the District Court's determination that they failed to allege an "ascertainable loss."

Relatedly, without considering statements the District Court found of no legal consequence (determinations not challenged here), Plaintiffs do not point to any allegations made with sufficient detail, with respect to their fraud, fraudulent inducement and negligent misrepresentation causes of action, to survive the pleadings standards under either Fed. R. Civ. P. 9(b) or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The District Court did not consider: (i) statements made by brokers because it determined that they were not imputable to Defendants, as the brokers were not Defendants' agents; and (ii) specific misrepresentations alleged in connection with Truth in Lending Act ("TILA") disclosures because it determined that the disclosures could not be considered as part of state-law claims "because such assertions constitute claims properly brought under TILA."[1] *Id.* at \*6 n.8. As Plaintiffs have not challenged the District Court's determinations with respect to the existence of an agency relationship or the relevance of TILA disclosures, we will not disturb those determinations.

Moreover, with respect to Plaintiffs' duty of good faith and fair dealing

---

[1] No claims were brought under TILA.

4

claims, the District Court stated that "Plaintiffs' . . . brief . . . does little to clarify the basis of their claim . . . [b]eyond conclusory allegations." *Carrier*, 2014 WL 356219, at *6-7. Despite ample opportunities, Plaintiffs have at no stage in this litigation attempted to explain how Defendants' alleged conduct "destroy[ed] or injur[ed] the right of [Plaintiffs] to receive the fruits of the contract," *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997).

Finally, although the District Court concluded that Plaintiffs' allegations in support of their civil conspiracy claims were "bare . . . legal conclusions unsubstantiated by facts in support of the alleged 'agreement' or 'common design,'" *Carrier*, 2014 WL 356219, at *9, rather than point to any specific allegations on appeal, Plaintiffs simply restate the elements that the District Court recited and assert that they are satisfied. Such either unfounded or indolent contentions leave us unable to conclude that the District Court erred.

We further note that the District Court, having informed Plaintiffs of their pleading deficiencies, *sua sponte* gave them an opportunity to file a Second Amended Complaint. But rather than flesh out their allegations, Plaintiffs opted to appeal instead. Plaintiffs' staunch refusal to respond to the basic details of the District Court's decision—either before the District Court *or* on appeal—compels us to affirm the District Court's dismissal of their claims.

5